IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NIGEL RAY LACHEY,

      Plaintiff,

v.                                                                                                  No. 1:20-cv-00766-SCY

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT, and
STATE OF NEW MEXICO CHILD
SUPPORT ENFORMCEMENT DIVISION,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed July 29, 2020 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 29, 2020 ("Application").

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case . . . .

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount during the past 12 months was $242.00; (ii) his average monthly expenses total $552.86; and (iii) he has $40.00 in cash and $86.00 in a bank account. *See* Application at 1-2, 5. The Court grants Plaintiff's Application because his monthly expenses exceed his low monthly income.

**The Complaint**

Plaintiff alleges that Defendant Second Judicial Court denied Plaintiff due process when it "determined amounts of back child support at the time of [Plaintiff's] divorce without providing documentation, justification or the opportunity to examine and/or refute the basis for the back child support amounts." Complaint at 2. Plaintiff also alleges that Defendant Second Judicial Court should have, but did not, issue a new order after "an agreement was made with the mother of the child … to waive child support [which] was filed with the Second Judicial Court." Complaint at 2. Plaintiff states Defendant Child Support Enforcement Division continues to try to collect child support which is "based on failed due process rights" and a "separate motion to cease collection of arrears is pending." Complaint at 2, 4. Review of state-court records shows

that a motion to cease collection of child support arrears was filed and a "reopen fee" was paid in Plaintiff's state-court case on July 20, 2020. Plaintiff seeks the following relief: (i) "Dismissal of all support arrears and interest"; (ii) "Return of any Federal refund/stimulus payment collections;" (iii) "Release all license holds/revocations"; and (iv) "Removal of any credit report referrals and/or delinquency reports." Complaint at 5.

It appears that the Court does not have subject-matter jurisdiction over Plaintiff's claim pursuant to the *Younger* abstention doctrine, if Plaintiff's state-court case is ongoing, or pursuant to the *Rooker-Feldman* doctrine if Plaintiff's state-court case is no longer ongoing. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). The *Rooker-Feldman* doctrine

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction.

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir.

3

2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte." (internal quotation marks omitted)).

Plaintiff shall show cause why the Court should not dismiss this case pursuant to the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine, or file an amended complaint that shows the Court has subject-matter jurisdiction over Plaintiff's claims.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because Plaintiff has not shown that the Court has subject-matter jurisdiction over his claims and because Plaintiff has not provided the Defendants' addresses. The Court will order service if: (i) Plaintiff shows cause why the Court should not dismiss this case for lack of jurisdiction or files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

      **IT IS ORDERED** that:

    (i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 29, 2020, is **GRANTED.**

    (ii)    Plaintiff shall, within 21 days of entry of this Order, either show cause why the Court should not dismiss this case pursuant to the *Younger* abstention doctrine or

the *Rooker-Feldman* doctrine or file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**