IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NIGEL RAY LACHEY,

     Plaintiff,

v.                               No. 1:20-cv-00766-KG-SCY

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT, and
STATE OF NEW MEXICO CHILD
SUPPORT ENFORMCEMENT DIVISION,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

THIS MATTER comes before the Court on Plaintiff's [Response to Order] to Show Cause, (Doc. 7), filed August 13, 2020 ("Response"), and Plaintiff's Motion for Service, (Doc. 8), filed August 26, 2020.

Plaintiff alleges that Defendant Second Judicial Court denied Plaintiff due process when it "determined amounts of back child support at the time of [Plaintiff's] divorce without providing documentation, justification or the opportunity to examine and/or refute the basis for the back child support amounts." (Doc. 1) at 2, filed July 29, 2020.  Plaintiff also alleges that Defendant Second Judicial Court should have, but did not, issue a new order after "an agreement was made with the mother of the child … to waive child support [which] was filed with the Second Judicial Court." (Doc. 1) at 2.  Plaintiff states Defendant Child Support Enforcement Division continues to try to collect child support which is "based on failed due process rights" and a "separate motion to cease collection of arrears is pending." (Doc. 1) at 2, 4.  Review of state-court records shows that a motion to cease collection of child support arrears was filed and a "reopen fee" was paid in Plaintiff's state-court case on July 20, 2020.  Plaintiff seeks the following relief: (i) "Dismissal of

all support arrears and interest;" (ii) "Return of any Federal refund/stimulus payment collections;" (iii) "Release all license holds/revocations;" and (iv) "Removal of any credit report referrals and/or delinquency reports." (Doc. 1) at 5.

The Court notified Plaintiff that:

It appears that the Court does not have subject-matter jurisdiction over Plaintiff's claim pursuant to the *Younger* abstention doctrine, if Plaintiff's state-court case is ongoing, or pursuant to the *Rooker-Feldman* doctrine if Plaintiff's state-court case is no longer ongoing. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

(1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

The *Rooker-Feldman* doctrine:

bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

(Doc. 6) at 3, filed August 4, 2020.

The Court ordered Plaintiff to show cause why the Court should not dismiss this case pursuant to the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine or file an amended

complaint that shows the Court has subject-matter jurisdiction over Plaintiff's claims.  (Doc. 6) at

4.

Plaintiff did not file an amended complaint.  In his Response to the Order to Show Cause,

Plaintiff states:

> The counts and issues in the complaint have been raised with the Defendants on several past occasions/motions with the State of New Mexico Second District Court.  In each instance the Second District Court did not respond to the issues and summarily responded to the motion … There is no reason to believe that the [Second Judicial District Court] or hearing officer will address the issues raised in this Federal Court Complaint …The Second District Court's failure to willingly address the issues raised in this complaint (past or ongoing) shows that the state has not provided an adequate forum to hear the claims raised which renders the Younger abstention and/or Rooker-Feldman doctrine moot in this instance.

(Doc. 7) at 1-2.

The Court dismisses this case without prejudice because Plaintiff has not met his burden

of showing that the Court has subject-matter jurisdiction over this matter.  *See*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action"); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th

Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction

exists absent an adequate showing by the party invoking federal jurisdiction").  Plaintiff asserts

that the Court need not follow the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine

but has not cited any legal authority which would allow the Court to disregard those doctrines.

The Court is bound by and cannot disregard Tenth Circuit precedent.  *See United States v.*

*Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of

this circuit").  Because it is dismissing this case for lack of subject-matter jurisdiction, the Court

denies Plaintiff's Motion for Service as moot.

IT IS ORDERED that:

(i)      This case is DISMISSED without prejudice; and

(ii)     Plaintiff's Motion for Service, (Doc. 8), filed August 26, 2020, is DENIED as moot.


_____
UNITED STATES DISTRICT JUDGE